UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
*www.flsb.uscourts.gov*

In re:

G&C INVESTMENT CORP.,                    : Case No. 17-20150-LMI
                                         : Chapter 7
   Debtor.
_____/

### NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM* SUBPOENA OF ESTRATEGIA INVESTIMENTOS U.S.A., INC.
*(Only for Production of Documents)*

MARCIA T. DUNN, as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate **G&C INVESTMENT CORP.** (the "Debtor"), by and through undersigned counsel, pursuant to Fed.R.Civ.P. 34 and 45, Fed.R.Bankr.P. 2004, 7030, 7034 and 9016, and Local Rule 2004-1, will examine the following examinee (the "Examinee"):

| **Examinee** | **Date** | **Location** |
|---|---|---|
| **ESTRATEGIA INVESTIMENTOS U.S.A., INC.**<br>c/o Pablo Antoniazzi, Director<br>2828 Coral Way, Ste. 309<br>Miami, FL 33145 | February 14, 2018 at 10:30 AM | Dunn Law, P.A.<br>555 N.E. 15th Street<br>Suite 934-A<br>Miami, Florida 33132 |

The examination is pursuant to Fed.R.Bankr.P. 2004 and Local Rule 2004-1. The scope of the examination shall be as described in Fed.R.Bankr.P. 2004. Pursuant to Local Rule 2004-1, no order shall be necessary, and to the extent that a request for production of documents under this rule may be construed as a request under Bankruptcy Rule 7034, the time to respond is shortened to fourteen (14) days.

The Form Subpoena for Rule 2004 Examination with document requests described on **SCHEDULE "A"** is attached to this notice. The Examinee must either produce the documents to undersigned counsel prior to the examination or alternatively, bring to the examination the documents described on the attached Subpoena, and must permit copying of the materials.

*DOCUMENTS CAN BE PRODUCED IN LIEU OF APPEARANCE.*

**The Examinee is required to produce all documents listed on SCHEDULE "A" to the undersigned attorney on or before February 14, 2018.**

Interested parties are directed to contact undersigned counsel on the day prior to the scheduled examination to confirm that the examination is going forward on the following day or if documents have been produced in lieu of examination.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that January 29, 2018, a true and correct copy of the foregoing was served via first-class U.S. Mail as follows:

| | |
|---|---|
| ESTRATEGIA INVESTIMENTOS U.S.A., INC. c/o Pablo Antoniazzi, Director 2828 Coral Way, Ste. 309 Miami, FL 33145 | ESTRATEGIA INVESTIMENTOS U.S.A., INC. c/o A1A Registered Agent Inc. 5647 110th Avenue North Royal Palm Beach, FL 33411 |

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on January 29, 2018, upon all registered users in this case, including:

- Marcia T Dunn    mdunn@dunnlawpa.com, mdunn@ecf.epiqsystems.com;acastro@dunnlawpa.com;calexm00@yahoo.com;rbasnueva@dunnlawpa.com;slebron@dunnlawpa.com
- Michael P Dunn    michael.dunn@dunnlawpa.com, rbasnueva@dunnlawpa.com;nnayor@dunnlawpa.com;tyler.stull@dunnlawpa.com
- Patrick M Mosley    pmosley@hwhlaw.com, telam@hwhlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Alexis S Read    alexis.read@dunnlawpa.com, nnayor@dunnlawpa.com

**DUNN LAW, P.A.**
*Counsel for Chapter 7 Trustee, Marcia T. Dunn*
555 NE 15th Street, Suite 934-A
Miami, Florida 33132
Phone: (786) 433-3866
Fax:    (786) 260-0269
michael.dunn@dunnlawpa.com

By: /s/ Michael P. Dunn, Esq.
     Michael P. Dunn, Esq.
     Fla. Bar No. 100705

## SCHEDULE "A"

## **DEFINITIONS**

Unless the context of a specific request requires otherwise, the following definitions and instructions shall apply to these requests:

A. "Examinee", "You" or "Your" shall refer to ESTRATEGIA INVESTIMENTOS U.S.A., INC., and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of ESTRATEGIA INVESTIMENTOS U.S.A., INC., or its subsidiaries, parents, predecessors or successors.

B. "Debtor" shall refer to the Debtor, G&C INVESTMENT CORP. (FEIN: 65-1101783), and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of the DEBTOR, or its subsidiaries, parents, predecessors or successors.

C. "Case" or "instant cause" means the instant bankruptcy case, styled *In re: G&C Investment Corp.* (Case No.: 17-20150-LMI), pending in the United States District Court, Southern District of Florida, Miami Division.

D. "Petition Date" shall mean August 10, 2017.

E. "Bank accounts" or "financial accounts" shall mean any checking, savings, certificates of deposit, operating accounts, deposit accounts, money market accounts, escrow accounts, and other accounts held by a financial institution, bank or credit union.

F. "Creditor" shall mean any person or entity to whom the Debtor owes money or is due performance of any other contractual obligation.

G. "Communication" or "Communications" includes every manner of transmitting or receiving facts, information, opinions or thoughts (including, but not limited to: visually; orally; in writing; by digital, analog, electronic, magnetic, telephonic, or other mechanical means; or otherwise), including, without limitation, oral conversations, telephone calls, written correspondence, memoranda or notes, meetings document transmittals, facsimiles, emails or any other method by which information is transmitted.

H. "Concerning", "concern," or any other derivative thereof, as used herein shall be construed as referring to, responding to, relating to (as defined herein), pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing or constituting.

I. "Contract" or "contracts" shall mean (a) an agreement, oral or written, between two or more Persons which creates an obligation to do or not to do a particular thing, and (b) any document which serves as proof of the obligation, including, without limitation, any subcontract, insurance policy

or other formal agreement, including exhibits, attachments, amendments (whether with or without effect), modifications (whether with or without effect), and addenda.

J. "Document", "documents", or "documentation" means the original or a copy of any tangible thing from or on which Information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by any means, regardless of technology or form an including, but not being limited to: accounting books or records; accounts; account statements; affidavits; agendas; agreements; analyses; applications; appointment books; appraisals; audio tapes; balance sheets; bordereaux; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; electronically stored Information, e-mail communications; evaluations; Excel spreadsheets; experiments; faxes; facsimiles; films; financial statements; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings, magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers, newspaper articles; notations, notebooks; notes; objects; opinions; papers; photographs; policies; powerpoint presentations; procedures; profit and loss statements, prospectuses; receipts; recordings; releases; reports; schedules; signature cards; sound recordings; spreadsheets; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these requests. Any document identified will include any document, in draft or final form, either sent or received by You. This term also includes any documents now or ever in Your possession, custody or control, or available to You, Your attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in their desks, at home, or elsewhere.

K. "Documents" shall also mean all electronic data storage documents or electronically stored information (ESI) including, but not limited to, e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested below. Your search for these electronically stored documents shall include all of Your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software, and inactive or unused computer disc storage areas.

L. "Information" shall be expansively construed and shall include, but not be limited to facts, data, opinions, images, impressions, concepts and formulae.

M. "Person" means any natural person, firm, partnership, joint venture, corporation, or group of natural persons or such entities.

N. "Relating to," "related" or "relating" means, directly or indirectly, refer to, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually

connected with the matter discussed.

  O. When referring to a person, the term "Identify" shall mean to give, to the extent known, the person's full name, present or last known address, present of last known telephone number, present or last known e-mail address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

  P. When referring to a document, the term "Identify" shall mean to state the type of document as defined herein, the subject matter thereof, the date thereof, by whom it was written or prepared, by whom it was signed, to whom it was sent, the present location (name and address of place) thereof, and the present custodian of the original or copies thereof, so that the document is described in sufficient enough detail that it could be subject to a request for production of documents under the applicable rules of civil procedure. If any such document was, but no longer is, in Your possession or subject to Your control, state the disposition of the document.

  Q. When referring to a communication other than a document, the term "Identify" shall mean to describe the communication in such a manner that all the following Information is provided: (1) whether the communication took place in person, by telephone, via e-mail, or otherwise; (2) if by telephone, the identity of the person originating the call, the identity of the person receiving the call, the identity of all other persons participating in the communication, and the location of each of those persons at the time of the communication; and the identity of all other persons present within hearing of any party to the communication; (3) if by e-mail, the identity, including name and e-mail address, of the person originating the e-mail; the identity or identities, including name and e-mail address, of all recipients; both intended and unintended, and including persons to whom blind copies were sent, of the e-mail communication; the date and time of the communication; all replies to and forwards of the original communication; the subject of the e-mail communication; and the identity and physical location of the computer, network, or server from which the e-mail was sent; (4) in in Person, the identity of all persons present during the communication and the location of the communication; (5) the date and time of the communication; (6) to the best of Your recollection, what was said by each party to the communication; and (7) the identity of the custodian of any document that recorded, summarized, or concerned the communication.

  R. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery all responses that might otherwise be construed to be outside of its scope.

  S. The words "any," "all" and "each" shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

  T. The use of the singular form of any word includes the plural and vice versa.

  U. The use of the masculine form of any word includes the feminine form and the neuter form, and vice versa.

**INSTRUCTIONS**

With respect to this request for documents, the following instructions shall apply:

A. This request for documents is continuing so as to require supplementary documents if additional information or documents hereafter are obtained or discovered which may augment or otherwise modify the information that You provide and documents that You produce. Supplementary documents are to be served within five (5) days after receipt or discovery of such information or documents.

B. Examinee is hereby notified that its duty to respond to this document request includes the duty to furnish all information, documents and materials which are in Your possession or available to You, including all those which can be obtained from additional sources or in the possession of Your agents, representatives, employees, investigators, attorneys, or anyone acting on their behalf or on Your behalf, pursuant to Fed.R.Bankr.P. 7034. If You are unable to locate any requested information or document after exercising due diligence to secure the requested document, so state.

C. In the event that any document requested herein is not presently in Your possession or subject to Your control, please identify each person You have reason to believe had or has knowledge of its contents.

D. If any document is not produced under a claim of privilege, for each such document identify the nature of the privilege (including work product) that is being claimed, indicate the document request to which the document is responsive, and provide the following information, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document, including the number of pages, and attachments or appendices; (2) the general subject matter of the document; (3) the date of the document; (4) all persons to whom the document was distributed, shown or explained; and (5) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

E. In the event that any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (a) author or preparer; (b) addressee(s); (c) indicated or blind copies; (d) date; (e) subject matter; (f) number of pages; (g) attachments or appendices; (h) all Persons to whom it was distributed to or shown; (i) date of destruction of other disposition; (j) manner of destruction or other disposition; (k) reason for destruction or other disposition; (l) Person destroying or disposing of the document; and (m) the document request or requests to which the document is responsive.

F. In producing documents requested herein, You shall produce documents in full, without abridgment, abbreviation, and expurgation of any sort.

G. All documents shall be produced as they are kept in the usual or ordinary course of business with any identifying labels, file markings or similar identifying features, and shall be organized and segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

H. All requests herein refer to the period from **August 1, 2013** to the date of production, unless otherwise specifically indicated, and shall include all documents and information that relate to such period, even though prepared, generated or published prior to or subsequent to that period.

**DOCUMENT REQUESTS**

1. Complete copies of any and all bank or financial statements (periodic or monthly) relating to all bank or financial accounts of any type or nature (open and closed) maintained by You that are in the name or joint name of the Debtor, or where the Debtor was an authorized signer, exercised control, or which the Debtor has or had an interest, from January 2013 to present.

2. Complete copies of all documents which evidence any and all deposits, withdrawals and transfers (including, without limitation, memoranda, canceled checks (front and back), wire transfers (incoming and outgoing), requests, debit or credit advices, credit or debit memos, deposit slips, withdraw slips, or any other records reflecting support for any transfers), relating to all bank or financial accounts of any type or nature (open and closed) maintained by You that are in the name or joint name of the Debtor, or where the Debtor was an authorized signer, exercised control, or which the Debtor has or had an interest, from January 2013 to present.

3. Any and all signature cards that name the Debtor as an authorized signatory on any financial account (including any bank or financial account, investment account, credit line, time deposit, certificate of deposit, money market account or other account maintained by You), from January 2013 to present.

4. Any and all documents that evidence, refer or relate to any interest in, or claimed title to, any certificates of deposit, letters of credit, money orders, cashier's checks, traveler's checks, bank deposits, or escrow funds owned or held by the Debtor, from January 2013 to present.

\* \* \*

**The Trustee expressly reserves the right to request additional documents as the investigation continues, as the litigation proceeds, as additional issues are uncovered, and as clarifications are required.**