UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

G&C INVESTMENT CORP.,   Case No. 17-20150-LMI
   Chapter 7
   Debtor.
_____/

### TRUSTEE'S MOTION TO COMPROMISE
### CONTROVERSY WITH RABIN & LOPEZ, P.A. A/K/A SAMUEL J. RABIN, JR. P.A.

MARCIA T. DUNN, as the Chapter 7 Trustee (the "Trustee") of the above-captioned bankruptcy estate, by and through undersigned counsel, and pursuant to Federal Rule of Bankruptcy Procedure 9019, files this Motion to Compromise Controversy with RABIN & LOPEZ, P.A. A/K/A SAMUEL J. RABIN, JR. P.A. ("R&L") (the "Motion"), and in support thereof states as follows:

### BACKGROUND

1. On August 10, 2017 (the "Petition Date"), the Petitioning Creditors VTC Energy, LLC, Uwe Bollman, Robert Kalzua, Richard Feiesinger, Zbigniew Klawinski, Dominique E. Verhaegen (the "Petitioning Creditors"), commenced this case by filing an involuntary petition under Chapter 7 of the United States Code ("Bankruptcy Case"), whereby Marcia T. Dunn is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

2. The Trustee made demand upon R&L regarding her ability to avoid and recover certain alleged pre-petition fraudulent transfers allegedly made by the Debtor to R&L, plus interest, attorneys' fees and costs (the "Transfers"). While R&L disputes the allegations made by the Trustee relating to the Transfers, and denies any wrongdoing, the Parties wish to amicably resolve the disputes between them.

## THE PROPOSED SETTLEMENT[1]

3.  The Trustee and R&L (collectively, the "Parties") have determined that a compromise and settlement regarding the Transfers offers the best resolution for both Parties, and therefore is in the best interests of the Estate and all creditors.

4.  In considering the circumstances and considering the nature of the disputes among the Parties and the associated risks, the Trustee believes the terms of the Settlement Agreement are favorable to the Parties and the Estate.

5.  The Parties desire to resolve all matters relating to the Transfers through a stipulation and settlement agreement attached hereto as **Exhibit "A"** (the "Settlement Agreement" or "Settlement").

6.  To avoid the expense and delay in litigating the issues herein, and subject to entry of a final order granting this Motion and approving the Settlement Agreement, the Parties agree to the terms set forth in the Settlement Agreement.

7.  As more particularly set forth in the Settlement Agreement, subject to Bankruptcy Court approval, in exchange for the settlement payment of $20,000.00 in cleared funds by R&L (the "Settlement Payment"), there will be a full and final settlement between the Parties regarding the Transfers in the Bankruptcy Case. Further, R&L shall not be entitled to a proof of claim within the Estate.

8.  R&L will deliver the Settlement Payment in exchange for a release by the Trustee of the Claims against R&L.

9.  The proposed relief resolves all matters between the Parties expeditiously and cost effectively while also maximizing net recovery for the Estate.

---

[1] All parties in interest are urged to consult the Settlement Agreement, which is attached hereto as Exhibit "A," for a complete and accurate description of its terms.

10. The Settlement Agreement constitutes the entire agreement by and between the Trustee and R&L with respect to all issues raised, or that could have been raised.

11. The Parties agree that the order granting the instant Motion (the "Approval Order") shall provide for this Court to retain sole and exclusive personal and subject matter jurisdiction to: (a) implement, interpret and enforce the terms of this Motion, the Approval Order and the Settlement Agreement; and (b) resolve any claims, controversies or disputes amongst the Parties arising from or related to the relief sought in this Motion. The form of the Approval Order is attached hereto as **Exhibit "B,"** and incorporated herein by reference.

## LEGAL STANDARD

12. The Trustee seeks approval of the Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

13. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

14. "[A]pproval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr.S.D.Fla.1988) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

15. The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.' " *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d 189;

*Cosoff v. Rodman (In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir.), *cert. denied*, 464 U.S. 822 (1983)).

16. According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

> (a) the probability of success in the litigation;
> (b) the difficulties, if any, to be encountered in the matter of collection;
> (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
> (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990); *see Jackson Brewing*, 624 F.2d 602 (quoting *Arrow Air*, 85 B.R. 891).

17. In exercising its review under Bankruptcy Rule 9019, a bankruptcy court gives weight to a trustee's sound business judgment. *See, e.g., In re Southeast Banking Corp.*, 314 B.R. 250, 273 (noting a court gives "weight to the trustee's informed judgment" in considering a settlement under Bankruptcy Rule 9019); *see also In re Infotechnology, Inc.*, 89 F.3d 825 (2d Cir. 1995) (noting that in determining whether to approve a debtor's motion to settle a controversy, a court does not substitute its judgment for that of the trustee).

18. The Trustee submits that the proposed Settlement Agreement overwhelmingly satisfies the *Justice Oaks* standard. The Trustee believes that she would ultimately prevail on the Claims, but that the ultimate benefit to the universe of claimants would be muted as the Estate would significantly increase the administrative costs without any realizable benefit.

19. Based on, among other things: (a) the facts and circumstances set forth above; and (b) the expense and uncertainty of litigation, the Trustee asserts that the Settlement Agreement meets the standards necessary for approval pursuant to Rule 9019, and therefore recommends

approval of the proposed settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate.

20. The Settlement Agreement, among other things: (a) precludes the Estate's risk and expense of continued litigation with R&L; (b) provides for the complete resolution of the Claims; (c) provides the Trustee with an opportunity to efficiently settle issues with R&L on terms favorable to the Estate against a party capable of financing the costs of litigation; and (d) facilitates fair and equitable administration of the Estate.

21. Without the Settlement, it is anticipated that any litigation between the Parties would be expensive and time-consuming. If a settlement was not reached, the Trustee would be forced to file an adversary proceeding against R&L. Indeed, the ultimate benefit to the creditors would diminish as any additional litigation would significantly increase the administrative costs incurred by the Estate. The Parties agreed that the more efficient resolution would be to reach a global settlement agreement which include releases of R&L in exchange for payment of the Settlement Payment.

22. Therefore, after full and careful consideration, the Trustee believes that the resolution set forth in the Settlement Agreement is in the best interest of the Estate and its creditors.

23. Counsel for the Trustee and R&L have reviewed this Motion prior to its filing and agree and acknowledge, on behalf of their respective clients, that it contains the complete agreement of the Parties with respect to the subject matter addressed herein and shall be binding in all respects upon the Estate and R&L, subject to approval by the Bankruptcy Court.

**WHEREFORE**, for the reasons more particularly set forth above, Marcia T. Dunn, as Chapter 7 Trustee of the bankruptcy estate of G&C Investment Corp., respectfully requests this Court enter an Order in the form attached hereto as **Exhibit "B"**; (i) granting the instant Motion;

(ii) authorizing and approving the Settlement Agreement and proposed relief detailed herein; and

(iii) for such other and further relief as this Court deems just and proper.

Dated: January 6, 2020                Respectfully submitted,

                                                  **DUNN LAW, P.A.**
*Counsel for Plaintiff, Marcia T. Dunn,*
*as Chapter 7 Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Phone: (786) 433-3866
Fax:    (786) 260-0269
barry.turner@dunnlawpa.com

By: */s/ Barry S. Turner*
    Barry S. Turner, Esq.
    Fla. Bar No. 85535

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 6, 2020, a true and correct copy of the foregoing was served via CM/ECF electronic transmission to those parties who are currently on the list to receive e-mail notice and service for this case, and via U.S. Mail to all parties of record on the attached service list.

By: */s/ Barry S. Turner*
    Barry S. Turner, Esq.
    Fla. Bar No. 85535