UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

G&C INVESTMENT CORP.,                    Case No. 17-20150-LMI
                                         Chapter 7
    Debtor.
_____/

**TRUSTEE'S MOTION FOR SANCTIONS AGAINST
RUDE MOISE LANE, AARON INDUSTRIES TRUST, AND NICOLAS AARON**

Marcia T. Dunn, the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of G&C INVESTMENT CORP. (the "Debtor"), by and through undersigned counsel, files this motion for sanctions against Rude Moise Lane ("Lane"), Aaron Industries Trust ("AIT"), and Nicolas Aaron ("Aaron") pursuant to 11 U.S.C. §§ 105(a), 362(a)(1), 362(a)(4), 362(a)(5), & 362(k)  and the Barton Doctrine (the "Motion"), and in support thereof, states as follows:

**Jurisdiction**

1.  The Court has jurisdiction over the matters raised in this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (O).

**Background**

2.  On August 10, 2017 ("Petition Date"), the Petitioning Creditors VTC Energy, LLC, Uwe Bollman, Robert Kalzua, Richard Feiesinger, Zbigniew Klawinski, Dominique E. Verhaegen (the "Petitioning Creditors"), commenced this case by filing an involuntary petition under Chapter 7 of the United States Code ("Bankruptcy Case").

3.  On November 7, 2017, the Court entered an Order for Relief in Involuntary Case [D.E. 7] (the "Order for Relief").

4. On December 20, 2017, Marcia T. Dunn was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

5. On February 12, 2020, the Trustee filed the *Complaint to Avoid and Recover Fraudulent Transfers and Unjust Enrichment* [D.E.1] ("Complaint") against, *inter alia*, AIT, thereby initiating adversary proceeding Case No.: 20-01076. The Complaint was served on AIT on February 19, 2020.

6. On February 21, 2020, and likely in response to the Trustee's Complaint, Lane, AIT, and Aaron sent an "Urgent Fax" to Trustee's counsel, Daniel Gonzalez, Esq., which "Urgent Fax" enclosed a document titled "International Commercial Claim Within the Admiralty ab initio Administrative Remedy" (the "Claim"). The Claim asserts, *inter alia*, that the Debtor and Trustee were "Libelee(s)" against Aaron and AIT. Aaron is allegedly the "Libelent" and a "Secured Party Creditor" as the "Executive Trustee for Trust Known as AARON INDUSTRIES TRUST." Attached hereto as **Exhibit 1** is a true and correct copy of the Urgent Fax. *See also* D.E. 242.

7. The Claim further alleges that it is a "binding document" that requires a "response, rebuttal or objection" and that the Trustee's silence "will comprise your agreement with and acceptance of all terms and provisions of the claim."

8. The Claim alleges damages for "Ledgering" against the Trustee, Debtor, and Estate in the amount of $5 million and for surety, among others.

9. The Claim further asserts damages against the Trustee and includes an "Abstract of Administrative Judgment" against the Trustee, naming the Debtor/Trustee/Estate as "Judgment Debtor(s)" in the amount of $5 million for all violations.

10. The Claim states that Lane, AIT, and Aaron may assert, have already asserted, or have been granted a UCC-1, UCC-3, and Notice of Maritime Liens against the Trustee, Debtor and Estate.

11. The Claim contains a "Civil Assessment" against the Trustee, Debtor and Estate in the amount of $500,000.00 if paid by February 24, 2020 and "Statement of Account" in the amount of $500,000.00 if paid by February 24, 2020 and the amount of $4,500,00.00 ending on March 5, 2020.

12. On February 28, 2020, Lane, AIT, and Aaron faxed the Trustee's counsel Mr. Gonzalez a document entitled "Certificate of Administrative Judgment" asserting an "International Commercial Claim Within the Admiralty ab initio Adaministrative (sic) Remedy Claim RR95909402563493080008866US A Notice of Default in Dishonor, Consent to Judgment" (the "February 28 Document").  Attached hereto as **Exhibit 2** is a true and correct copy of the February 28 Document.

13. The Claim and February 28 Document are violations of the automatic stay and the Barton Doctrine. The Claim and February 28 Document filed/served by Lane, AIT, and Aaron should be stricken and deemed void and the Trustee is entitled.  The Trustee is also entitled to damages against Lane, AIT, and Aaron, jointly and severally, including her attorney's fees and costs for filing this Motion.

## Argument

14. The Trustee seeks an order from the Court finding the Claim and February 28 Document violate the automatic stay and the Barton Doctrine. The Trustee further requests that the Court find the Claim and February 28 Document (and their progeny) void and for the imposition of sanctions against Lane, AIT, and Aaron - including her attorney's fees and costs.

15. Section 362 of the Bankruptcy Code provides:

a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the ***commencement*** or continuation, including the issuance or employment of process, of a ***judicial, administrative, or other action or proceeding against the debtor*** that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

…

(4) *any act to <u>create, perfect, or enforce any lien</u> against property of the estate;*

(5) *any act to <u>create, perfect, or enforce</u> against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title*;

16. Pursuant to Section 362(k) "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

17. Violations of the automatic stay are willful "if the violator (1) knew of the automatic stay and (2) intentionally committed the violative act, regardless of whether the violator specifically intended to violate the stay." *In re Vaughn*, 542 B.R. 589, 598 (Bankr.M.D.Ala.2015) (citing *Jove Eng'g, Inc. v. IRS (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1555 (11th Cir.1996)).

18. Here, in violation of Sections 105 and 362, Lane, AIT, and Aaron directed, filed, and targeted the Trustee and Debtor by virtue of serving the Claim and February 28 Document. The Claim and February 28 Document commence an action against the Trustee and Debtor and claim damages (allegedly already awarded) against the Trustee, Debtor, and Estate in the amount of at least $4.5 million and $5 million. It is Lane, AIT, and Aaron's intention of trying to intimidate

the Trustee and clouding the Estate with the false and frivolous Claim for damages by asserting a judgment, abstract of judgment, UCC-1, UCC-3, and other sham allegations.

19. On their face, the Claim and February 28 Document willfully violate the automatic stay under Section 362 as intentional acts to assert a claim against the Trustee, the Debtor and the Estate. Lane, AIT, and Aaron have actual notice of this bankruptcy case and the Estate.

20. Further, to the extent Lane, AIT, and Aaron seek relief against the Trustee or Trustee's counsel, Lane, AIT, and Aaron's claims violate the Barton Doctrine. The Barton Doctrine provides that "'leave of the [bankruptcy] forum must be obtained by any party wishing to institute an action in a [state] forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court.'" *In re National Century Financial Enterprises, Inc.*, 407 B.R. 895, 901 (Bankr. S.D. Ohio 2009); *Heavrin v. Schilling (In re Triple S Rests., Inc.),* 519 F.3d 575, 578 (6th Cir. 2008) (internal quotation marks omitted). *See also Lawrence v. Goldberg*, 563 B.R. 1265 (11th Cir. 2009). Further, the Eleventh Circuit has held that "the Barton doctrine applies to actions against officers approved by the bankruptcy court when those officers function 'as the equivalent of court appointed officers.'" *Lawrence* at 1269 (11th Cir. 2009) (citing *Lowenbraun v. Canary (In re Lowenbraun),* 453 F.3d 314, 321 (6th Cir. 2006) (holding that the Barton Doctrine "'applies to trustees' counsel as well as to trustees themselves'")).

21. In truth, Lane, AIT, and Aaron, either individually or jointly, hold no claim against the Trustee, Debtor, or Estate. The filing and service of the Claim and February 28 Document in response to the Complaint is frivolous and, to the extent they seek relief against the Trustee or Trustee's counsel individually, violate the Barton Doctrine.

22. As a result of the Claim and February 28 Document, the Estate has been harmed and their assets potentially compromised including, without limitation to, attorney's fees and costs.

Any damage as a consequence of a stay violation is necessarily damage to the estate reflected in additional attorneys' fees incurred by the estate. *In re Walker*, 356 B.R. 834, 854 (Bankr.S.D.Fla.2006) *subsequently aff'd,* 309 Fed. Appx. 293 (11th Cir. 2009). "As the individual charged with protection of the estate for the benefit of creditors, the Chapter 7 trustee is the party with standing to seek damages for violation of the automatic stay against property of the estate." *Id.*

23. To the extent Lane, AIT, and Aaron filed any document in the public record(s) against the Trustee, Debtor, or Estate, the Trustee requests that the Court deem such filing void and strike same.

24. Accordingly, the Trustee requests that the Court grant the Motion, find that the Claim and February 28 Document violate the automatic stay, find that the Claim and February 28 Document are void and strike same, award the Trustee damages, including punitive damages, and her attorney's fees and costs.

**WHEREFORE**, for the reasons more particularly set forth herein, the Trustee respectfully requests this Court enter an Order: (i) granting the Motion; (ii) finding that Rude Moise Lane, Aaron Industries Trust, and Nicolas Aaron willfully violated the automatic stay; (iii) finding that the Claim, the February 28 Document, and any other document(s) filed or served by Rude Moise Lane, Aaron Industries Trust, and Nicolas Aaron are void; (iv) awarding damages, including punitive damages, to the Estate in an amount to be determined by the Court; (v) awarding the Trustee and her counsel all fees and costs incurred in connection with this Motion; and (vi) and granting any such further relief as deemed just and proper under the circumstances.

Dated: March 12, 2020            Respectfully submitted,

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn,*

*as Chapter 7 Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Phone: (786) 433-3866
Fax:    (786) 260-0269
barry.turner@dunnlawpa.com

By: */s/ Barry S. Turner*
    Barry S. Turner, Esq.
    Fla. Bar No. 85535

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. First Class Mail, Fax, or Email, as indicated below, on March 12, 2020, upon the following:

| | |
|---|---|
| Rude Moise Lane<br>1406 Lost Bridge Road<br>Marietta, GA 30008<br>**Via US Mail** | Aaron Industries Trust<br>1406 Lost Bridge Road<br>Marietta, GA 30008<br>**Via US Mail** |
| Nicolas Aaron<br>1406 Lost Bridge Road<br>Marietta, GA 30008<br>**Via US Mail** | Rude Moise Lane<br>Aaron Industries Trust<br>Nicolas Aaron<br>**Via Fax: (678) 402-6402** |
| Aaron Industries, Inc.<br>947 Society Circle<br>Atlanta, GA 30331-8648<br>**Via US Mail** | |

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on this 12th day of March, 2020, upon all registered users in this case.

By:    */s/ Barry S. Turner*
    Barry S. Turner, Esq.
    FL Bar No. 85535